IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JASON DOBBINS,

    Petitioner,

vs.                                                Case No. 4:12cv31-RH/WCS

KENNETH TUCKER,

    Respondent.
                                  /


**REPORT AND RECOMMENDATION TO SUMMARILY DISMISS § 2254 PETITION**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. He was directed to either pay the fee or file a motion to proceed in forma pauperis. Doc. 3.[1] Petitioner paid the fee, and filed a prisoner consent form and financial certificate. Doc. 5. The latter, treated as a motion to proceed in forma pauperis, is denied as moot since the fee was paid. It is also appears, from the financial information submitted, that Petitioner was well able to afford the $5.00 fee.

Petitioner challenges the judgment imposed by the Second Judicial Circuit in Leon County. According to the form petition, Petitioner was sentenced on February 27, 2003,

---

[1] In so directing, I overlooked the in forma pauperis motion attached to the § 2254 petition, docketed as part of the petition and not as a separate motion.

the judgment was affirmed on appeal, and rehearing was denied on November 10, 2004. Doc. 1, pp. 1-2. Petitioner did not seek certiorari review. *Id.*, p. 2. He filed a Fla.R.Crim.P. 3.850 motion on November 21, 2005, the motion was denied, and the denial affirmed on appeal in 1D07-1221. *Id.*, pp. 2-2a. According to the online docket of the Florida First District Court of Appeal (www.1dca.org) in that case, the order was affirmed and the mandate issued on November 27, 2007.

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. § 2244(d)(1)(A).[2] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2).[3]

Petitioner's conviction became final on February 8, 2005, 90 days from the denial of rehearing.[4] He filed a Fla.R.Crim.P. 3.850 motion on November 21, 2005, after some

---

[2] Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(B)-(D).

[3] The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).

[4] See Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003) (if the judgment is affirmed on appeal and a petition for writ of certiorari is not filed, the judgment is final when the 90 days for filing a petition for writ of certiorari expires); Nix v. Sec'y for the Dep't of Corrections, Fla. Stat. § , 1236-37 (11th Cir. 2004), *cert. denied*, 545 U.S. 1114 (2005) (citing Clay, other citations omitted).

286 days of the one year period had already elapsed.  See Tinker v. Moore, 255 F.3d 1331, 1335 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("[w]e remind petitioners that a properly and timely filed petition in state court *only tolls the time remaining* within the federal limitation period.") (emphasis added).  Assuming the time period remained tolled until the mandate issued in the Rule 3.850 appeal on November 27, 2007, another 328 days elapsed before the Petitioner's first § 2254 petition was filed on October 20, 2008.  I therefore recommended dismissal of Petitioner's first § 2254 petition as untimely.  Case number 4:08cv464-SPM/WCS, doc. 8.  The recommendation was adopted, the § 2254 petition dismissed, and judgment was entered on the docket on June 10, 2009.  Docs. 9 and 10 in that case.  Petitioner did not appeal.

Petitioner now comes before the court challenging the judgment of February 27, 2003, raising one claim: that the trial court committed manifest injustice in denying his more recent Rule 3.850 motion, seeking post conviction relief on the basis of newly discovered evidence.  Doc. 1, p. 4-A (p. 5 in ECF (Electronic Case Filing).  He claims that Dr. Chowallur Chacko, a defense expert in his co-defendant's trial, would have testified that T.D. (the victim) was an alcoholic, she would have alcoholic blackouts during which she could voluntarily consent to sexual activity and was not physically helpless to resist, and she could not remember it later.  *Id.*, pp. 4-A to 4-B (pp. 5-6 in ECF).  He asserts that Chacko's testimony was improperly excluded, and "respectfully point[s] out that at the time of his original Rule 3.850 motion for post-conviction relief; his co-defendant's case was still pending in the First District Court of Appeal." *Id.*, (p. 6 in ECF).  His co-defendant was granted relief on this issue on appeal.  Petitioner contends that if "he had this ruling" – presumably the state court's ruling in his co-defendant's case – "in the time frame then

he would have filed his motion for post-conviction relief awhile back," but his § 2254 petition was pending at that time. *Id.* Petitioner claims that he was unable to raise this claim in his first Rule 3.850 motion, and his successive Rule 3.850 motion raising this as newly discovered evidence was improperly denied. *Id.*, p. 4-D (p. 8 in ECF). Since the trial court prevented Chacko from testifying, Petitioner argues the jury never heard relevant and admissible testimony; and since his co-defendant was granted relief on this issue and he was not, the trial court denied justice and due process. *Id.*, pp. 4-C to 4-D (pp. 7-8 in ECF).

The case on which Petitioner undoubtedly relies is <u>Clark v. State,</u> 969 So. 2d 573 (Fla. 1st DCA 2007). Clark was charged, along with two of his roommates, with sexual battery on T.D., a victim physically helpless to resist. 969 So.2d at 574.[5] Dr. Chowallur Chacko was permitted to testify as to T.D.'s blood alcohol level and whether in his experience a person with that level would have lost consciousness, but was not permitted to testify that T.D. was an alcoholic prone to blackouts, that she would remain functional, able to consent to or resist the sexual encounter, yet unable to remember it. *Id.*, at 574-575. On direct appeal it was held that exclusion of this evidence prevented the jury from hearing relevant, admissible testimony, and a new trial on this charge was required as the error was not harmless beyond a reasonable doubt. *Id.*, at 577. The date of the opinion on appeal was December 5, 2007, and this followed rulings following a hearing on a motion in limine and at trial. *Id.*, at 574-575. Indeed, the court had excluded the same evidence at Clark's first trial, which ended in mistrial. *Id.*, at 575.

---

[5] The fact that two others participated elevated the offense from a first degree felony to a life felony. *Id.*, at 574 (citation omitted).

Petitioner Dobbins asks this court to remand his case for a new trial, or to hold an evidentiary hearing.  Doc. 1, p. 6.

Error of the state court, if any, in denying Petitioner's successive Rule 3.850 motion does not state a claim for relief in this court.  Section 2254 provides no remedy for defects in a collateral proceeding, as any such defects do not undermine the validity of the conviction or sentence.  *See, e.g.,* Alston v Department of Corrections, 610 F.3d 1318, 1325-26 (11th Cir.), *cert. denied*, 131 S.Ct. 829 (2010) (collecting cases).  The § 2254 petition therefore fails to state a claim on its face.

Liberally construing the petition as asserting a constitutional violation in excluding Chacko's testimony, the § 2254 petition in this court is successive.  The dismissal of the prior § 2254 petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)."  Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005)[6] (citations omitted).  *See also* McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (holding that dismissal as untimely constitutes a disposition on the merits and renders later petition second or successive) (citing Murray) (footnote omitted);[7]

---

[6] Although the Supreme Court did not address this issue, Murray was cited favorably in Gonzalez v. Crosby, 545 U.S. 524, 533 n. 6, 125 S.Ct. 2641, 2645, n. 6, 162 L.Ed.2d 480 (2005), rejecting the argument that the fact that dismissal of an unexhausted petition does not render subsequent petition successive. "If this argument is correct, petitioner would be able to file not just a Rule 60(b) motion, but a full-blown habeas petition, without running afoul of § 2244(b). But see, *e.g., Murray v. Greiner.*" (full citation omitted).  The Court did not need to decide, however, because it concluded the Rule 60(b) motion, which did not raise any claim for relief from the conviction or sentence, should not be treated as a second or successive petition.  *Id.*

[7] The court noted that a Fed.R.Civ.P. 60(b) motion challenging prior dismissal on the basis of untimeliness would not necessarily be the equivalent of a second or successive motion. *Id.*, at 1030, n. 1 (*citing* Gonzalez, *supra* n. 4) (other citation omitted).

Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (prior untimely petition "counts" to render subsequent petition successive: "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). *Cf.* Jordan v. Sec'y Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir.), *cert. denied*, __ U.S. __, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007) (not discussing the issue but noting that the first petition was denied with prejudice as untimely, and authorization for filing the second or successive petition had been granted).[8]

Petitioner apparently concedes that his claim was known to him when his original § 2254 proceeding was pending, since he asserts the ruling in his co-defendant's case came out while his first § 2254 petition was pending.[9] Petitioner challenges his confinement pursuant to the same state court judgment as challenged in his first petition. Unless and until authorization for filing is granted, this court lacks jurisdiction to entertain

---

[8] "Section 2244(b)(2) plainly states that '[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless' it falls within one of two exceptions. The first exception, which is contained in § 2244(b)(2)(A), speaks to claims based on new rules of constitutional law, [and] [t]he other exception applies only where each of two requirements are met, and one of them is that 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.'" Jordan, 485 F.3d at 1357, *quoting* 2244(b)(2)(B)(i). Even where the court of appeals grants authorization for filing, "the district court not only can, but must, determine for itself whether [the statutory] requirements are met." *Id.*

[9] Actually, the Clark opinion was issued on December 5, 2007, and Petitioner's first § 2254 petition was filed (as noted *supra*) on October 20, 2008. Since the current petition is an unauthorized second or successive § 2254 petition, there is no need to determine whether the one year limitations period could be deemed to have commenced on the later date of when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D).

it.  *See, e.g.*, Burton v. Stewart, 549 U.S. 147, 157,  127 S.Ct. 793, 799, 166 L.Ed.2d 628 (2007) (as petitioner had neither sought nor received authorization to file second or successive petition, the district court lacked jurisdiction).

Section 2254 Rule 11(a) provides, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).  There is no substantial showing of the denial of a constitutional right,§ 2253(c)(2), and it is recommended that the court deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied.  *See* Fed.R.App.P. 24(a)(3)(A) (before or after a notice of appeal is filed, the court may certify the appeal is not in good faith or the party is not otherwise entitled to appeal in forma pauperis).

**Conclusion**

For these reasons, it is **ORDERED** that the a prisoner consent form and financial certificate, doc. 5, treated as a motion to proceed in forma pauperis, be **DENIED AS MOOT** since the fee was paid.

It is further respectfully **RECOMMENDED** that this § 2254 proceeding, challenging the 2003 judgment of the Second Judicial Circuit in Leon County, be summarily **DISMISSED** as an unauthorized second or successive petition, that a

certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be

**DENIED**.

      **IN CHAMBERS** at Tallahassee, Florida, on February 22, 2012.


       S/    William C. Sherrill, Jr.
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

      A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.