## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JASON DOBBINS,

      Petitioner,

v.                                                     CASE NO.  4:12cv31-RH/WCS

KENNETH TUCKER,

      Respondent.

_____/

## ORDER DISMISSING THE PETITION AND
## DENYING A CERTIFICATE OF APPEALABILITY

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 presents a

substantial claim for relief but not a claim that can be adjudicated in this court at

this time.

The petition is before the court on the magistrate judge's report and

recommendation, ECF No. 6, and the objections, ECF No. 7.  I have reviewed *de*

*novo* the issues raised by the objections.  The report and recommendation is correct

and is adopted as the court's opinion.  As set out there, a district court cannot

consider a second or successive habeas petition unless the Court of Appeals has

authorized its filing.  *See* 28 U.S.C. § 2244(b)(3).  The United States Court of

Appeals for the Eleventh Circuit has not authorized the petitioner to file a

successive petition.

In reaching the conclusion that this petition must be dismissed, I have not

overlooked the petitioner's assertion that a codefendant obtained relief on grounds

equally applicable to the petitioner.  This is a circumstance that the Eleventh

Circuit will be able to consider if the petitioner applies for leave to file a second or

successive petition.  But this does not allow a district court to address a second or

successive petition that the Court of Appeals has not authorized the petitioner to

file.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to

"issue or deny a certificate of appealability when it enters a final order adverse to

the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a

constitutional right."  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003);

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880,

893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting

out the standards applicable to a § 2254 petition on the merits).  As the Court said

in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that reasonable
> jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

No reasonable jurist would find debatable the controlling rule that forecloses this petition: the petition is successive, and the Court of Appeals has not authorized its filing.  The petitioner is not entitled to a certificate of appealability.

For these reasons,

IT IS ORDERED:

1.  The report and recommendation is ACCEPTED.

2.  The clerk must enter judgment stating, "The petition is dismissed for lack of jurisdiction."

3.  A certificate of appealability is DENIED.

4.  The clerk must close the file.

SO ORDERED on March 6, 2012.

s/Robert L. Hinkle
United States District Judge

Case No.   4:12cv31-RH/WCS